United States District Court
Middle District of Florida
Jacksonville Division

**JOE L. PRINCE, II,**

 *Plaintiff,*

v.                 NO. 3:16-CV-1016-J-39PDB

**UNIVERSITY OF ST. AUGUSTINE
FOR HEALTH SCIENCES ET AL.,**

 *Defendants.*

# Order

  Joe Prince filed a complaint alleging breaches of an implied-in-fact contract and violations of 42 U.S.C. § 1981. Doc. 1. The defendants moved to dismiss the complaint for failure to state a claim upon which relief may be granted, contending as a threshold matter the complaint was an impermissible shotgun pleading. Doc. 10 (motion), Doc. 12 (response). The Court conducted a telephone conference on June 19 to discuss the motion and stated how it planned to rule. Doc. 42.

  Federal Rule of Civil Procedure 1 provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides that a party must state claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Rule 12(b)(6) provides that a party may move to dismiss a claim for failure to state a claim upon which relief can be granted. And Rule 12(e) provides that a party "may move for a more definite statement of a pleading to which a responsive

pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

Complaints that do not comply with Rule 8(a)(2), Rule 10(b), or both "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Shotgun pleadings "unnecessarily tax the time and resources" of courts. *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014). The Eleventh has "roundly, repeatedly, and consistently" condemned them. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 (11th Cir. 2014). "A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." *Id.* at 1126−27 (internal footnotes omitted). Absent either, "nothing should stop District Courts from demanding, on their own initiative, that the parties replead the case." *Id.* at 1127.

Dismissal under Rule 12(b)(6) is warranted if the allegations fail to state a claim upon which relief can be granted; dismissal under Rule 8(a)(2) or Rule 10(b) is warranted if "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Weiland,* 792 F.3d at 1325 (emphasis in original; internal quotation marks omitted).

Here, by incorporating all factual allegations into all causes of action and failing to clarify which claims are brought against which defendants,[1] the complaint shares the unifying characteristic of shotgun pleadings. *See Weiland* 792 F.3d at 1323; *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1332–33 (11th Cir. 1998) (using the "shotgun" label for a "complaint that began with thirty-seven paragraphs of general allegations that were incorporated by reference into each count").

To obtain a more just, speedy, and inexpensive resolution through a more tailored and carefully drawn complaint, striking the complaint and requiring repleader is warranted. In amending the complaint, Prince must comply with the pleading standards discussed in this order and consider the defendants' other legal arguments in the motion to dismiss. Because the deadline for adding parties and amending the pleadings has passed, he may not add new claims or defendants.

The motion to dismiss, Doc. 10, is **granted** to the extent Prince must replead but otherwise **denied without prejudice** to reasserting any other arguments.[2] By

---

[1] The first through fourth causes of action appear to be against Margaret Wicinski, Debra Gray, Wanda Nitsch, and Dean Reynolds, respectively, for breach of contract, while the fifth appears to be against Wicinski, Gray, and Nitsch, also for breach of contract. Doc. 1 ¶¶ 163, 165, 167, 169, 171. No claim alleges the university itself breached any contract, despite that Prince earlier alleges he is suing all defendants for breach of an implied-in-fact contract. *See* Doc. 1 ¶¶ 1–3. The complaint also includes a single claim for violation of 42 U.S.C. § 1981, apparently against Wicinski, Gray, Nitsch, and the university. *See* Doc. 1 ¶¶ 173–80.

[2] The defendants argue Prince seeks damages that are not recoverable under all claims; the claims for breach of an implied-in-fact contract against the individual defendants fail because Prince had no implied contract with them; the Court lacks subject-matter jurisdiction because Prince did not exhaust administrative remedies; Prince alleged no breach-of-contract claim against the university itself; Prince does not allege the university's actions were arbitrary and capricious, unlawful, or for fraudulent purposes; alleged violations of the student handbook and/or course syllabus cannot support a breach-of-contract claim because those documents do not create enforceable contractual obligations; Prince's claims for breach of an implied-in-fact contract in the first through fifth causes of action otherwise fail to state a claim because they do not contain sufficient allegations to support one or more

**July 19, 2017**, Prince must file an amended complaint consistent with this order. The defendants must respond to the amended complaint within 30 days of its filing.

**Ordered** in Jacksonville, Florida, on July 7, 2017.

                                                                    PATRICIA D. BARKSDALE
                                                                    *United States Magistrate Judge*

c:      Counsel of Record

---

elements; the § 1981 claim against the individual defendants fails because Prince had no valid contract with them; Gray and Nitsch cannot be liable under § 1981 because Prince does not allege they were personally involved in discriminatory decisions; the § 1981 claim fails because the complaint insufficiently alleges intentional discrimination; and Prince fails to state a § 1981 retaliation claim because he does not allege any causal relation between his complaints and any adverse action against him. Doc. 10 at 5–23. The Court does not address these arguments in this order.