United States District Court
Middle District of Florida
Jacksonville Division

**JOE L. PRINCE, II,**

*Plaintiff,*

v.     No. 3:16-CV-1016-J-39PDB

**UNIVERSITY OF ST. AUGUSTINE
FOR HEALTH SCIENCES ET AL.,**

*Defendants.*

# Order

Claiming spoliation of electronically stored information ("ESI"), Joe Prince moves for sanctions under Federal Rule of Civil Procedure 37(e) against the University of St. Augustine for Health Sciences and Margaret Wicinski.[1] Doc. 114. He asks the Court to (1) enter default against them or give an adverse jury instruction and (2) award fees and costs associated with the motion. Doc. 114 at 19. They argue sanctions are unwarranted. Doc. 121.

Rule 37(e) provides,

> **(e) Failure to Preserve Electronically Stored Information**. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

---

[1]Since the filing of the motion for sanctions, the remaining claim against the university has been dismissed. Doc. 154. Under Rule 54(b), the action has not ended, making it is appropriate to still consider the motion for sanctions against the university.

(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

(A) presume that the lost information was unfavorable to the party;

(B) instruct the jury that it may or must presume the information was unfavorable to the party; or

(C) dismiss the action or enter a default judgment.

The rule "does not apply when [ESI] is lost before a duty to preserve arises." Fed. R. Civ. P. 37(e) advisory committee's notes to 2015 amendment. The rule applies to ESI only "when such information is lost" and only "if the lost information should have been preserved in the anticipation or conduct of litigation and the party failed to take reasonable steps to preserve it." *Id*. The rule does not demand "perfection in preserving all relevant" ESI, which "is often impossible." *Id*. The routine, good-faith operation of an ESI system is a relevant factor[.]" *Id*.

The allegations and evidence are detailed at length in the former and current complaints and exhibits, Docs. 1, 1-1 to 1-28, 44, 44-1 to 44-31, 62, 62-1 to 62-10, the motion for sanctions and exhibits, Docs. 96, 112, 113, 114, 114-1, 114-2, 114-3, the report and recommendation on the motion to dismiss, Doc. 71, and the order on the motion for summary judgment, Doc. 154. With much already written on the allegations and evidence, the undersigned refrains from repeating the allegations and evidence here.

Even accepting as true the evidence that Prince presents for the motion for sanctions, *see* Doc. 114 at 2–4, 7–14, the motion fails for at least one reason with respect to the university and at least one additional reason with respect to Wicinski.

2

Regarding the university and Wicinski, despite that Prince retained his own computer forensic expert, he presents no evidence (much less a preponderance of evidence or clear and convincing evidence) that the information he seeks—ESI on when and by whom the mid-December 2015 emails were deleted—existed on January 14, 2016, when the university's duty to preserve began. *See generally* Docs. 96, 112, 113, 114, 114-1, 114-2, 114-3. Matthew Ford, Edward Hill, and Brad Holloman declared or testified the audit or tracking function that would have allowed recovery of that ESI had not been enabled in January 2016. Doc. 112 at 47–49, 93–94, 103–04, 107–08; Doc. 113 at 115 (Tr. 135), 139 (Tr. 159); Doc. 122-1 ¶¶ 11–17. Ricardo Alegria did not testify to the contrary; he testified about his general understanding of the audit or tracking function of Office 365 and his lack of knowledge about what had been recoverable from Prince's email account. Doc. 96 at 14, 47–49, 114–16. Regarding Wicinski, Prince presents no evidence (much less a preponderance of the evidence or clear and convincing evidence) showing she had pertinent preservation duties.

Prince made no request for an evidentiary hearing to probe the credibility of the witnesses, *see generally* Doc. 114, and neither his timeline nor his listing of alleged suspicious activity by various people, including counsel, Doc. 114 at 3–14, creates a reasonable inference the witnesses are lying.

Having failed to satisfy his burden of showing sanctions are warranted, the motion for sanctions, Doc. 114, is **denied**. This ruling does not consider whether Prince may confront witnesses about the alleged deletion of the emails during the trial or argue to the jury—as he appears to plan to do—that Wicinski or her husband deleted the emails as part of Wicinski's plan to give him a failing grade because he is

black but make it appear he failed because he could not master the materials. *See* Doc. 114 at 17. Those evidentiary decisions are reserved for the trial judge.[2]

**Ordered** in Jacksonville, Florida, on March 15, 2019.

*[signature]*

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record

---

[2]Prince requests the award of fees and costs under Rule 37(e), Doc. 114 at 19, but Rule 37(e) does not specify fees and costs as a sanction, and whether inherent authority is available to order those as a sanction is at least debatable. *See* Fed. R. Civ. P. 37(e) advisory committee's notes to 2015 amendment (explaining the rule is intended to "foreclose[ ] reliance on inherent authority"). Having ruled Prince fails to meet his burden, authority to award fees and costs is not further addressed.